UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GLACIAL CRYOTHERAPY LLC, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>       Defendant. | No.<br><br>COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

## I.  INTRODUCTION

Plaintiff, Glacial Cryotherapy LLC, individually and on behalf of all other similarly situated members of the defined national class, and the defined Washington state subclasses (collectively, the "Class Members"), by and through the undersigned attorneys, brings this class action against Defendant Evanston Insurance Company ("Defendant" or "Evanston") and alleges as follows based on personal knowledge and information and belief:

## II.  JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class is a citizen of a state different from that of Defendant, the proposed Class has more than 100 members, and

COMPLAINT—CLASS ACTION - 1

the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of personal jurisdiction by this Court is proper. Moreover, jurisdiction exists because Plaintiff's claims arise out of and directly relate to Defendant's contacts with Washington. Plaintiff has standing to bring each claim against Defendant as a class representative whose claims are typical and common of the class under Federal Rule of Civil Procedure 23.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the State of Washington, and Defendant has sufficient contacts with this District and the State of Washington.

4.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is in King County. This action is therefore appropriately filed in this District.

### III.    PARTIES

5.      Plaintiff Glacial Cryotherapy owns and operates a health-based business in Lake Forest Park, King County, Washington, that provides whole-body and localized cryotherapy, and other therapeutic treatments, using state-of-the-art machinery and equipment. Cryotherapy is a completely dry, noninvasive, hyper-cooling process that lowers one's skin temperature by up to

COMPLAINT—CLASS ACTION - 2

30 degrees Fahrenheit during a single session. Cryotherapy is used to accelerate the body's natural recovery from exercise or overuse by lowering skin and core temperatures and reducing inflammation.

6.    Defendant Evanston is an insurance carrier incorporated and domiciled in Illinois with its principal place of business in Illinois.

7.    Defendant Evanston is authorized to write, sell, and issue business insurance policies in forty-nine states and the District of Columbia. Defendant conducted business within these states by selling and issuing business insurance policies to policyholders, including Plaintiff.

8.    Defendant is vicariously liable for the acts and omissions of its employees and agents.

## IV.    NATURE OF THE CASE

9.    Plaintiff Glacial Cryotherapy is a physical health and wellness business that provides cryotherapy, light therapy, and infra-red sauna therapy using sophisticated machines and high-tech equipment to deliver therapeutic treatments to the body.

10.    Historic photographs of Glacial Cryotherapy below depict portions of its interior, and some of its machines and equipment:

COMPLAINT—CLASS ACTION - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384





KELLER ROHRBACK L.L.P.

1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384



11.    This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

12.    Defendant issued one or more "all-risk" insurance policies to Plaintiff (the "Policy"), which provide broad property and business interruption coverage.

13.    The Policy includes a Building and Personal Property Coverage Form and related endorsements, with coverages that include Business Income and Extra Expense, Extended Business Income, Civil Authority, and a Coverage Extension, insuring Glacial Cryotherapy's property, business equipment and machinery, and business income, with effective dates of July 23, 2019 to July 23, 2020.

14.    The Policy described the insured occupancy of the premises in its "Commercial Property Coverage Part Declarations" as falling under the "Class Description" of "Health or

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Exercise Clubs." The governmental response to the COVID-19 pandemic did not permit any operations or access to premises consistent with "health or exercise clubs."

15.     Plaintiff's business property includes property owned and/or leased by Plaintiff and used by Plaintiff and its customers for its specified business purposes, including machine and equipment-based therapeutic treatments. Access to some or all of this property and Plaintiff's premises was prohibited by the governmental response to the COVID-19 pandemic.

16.     Plaintiff's business property includes a whole-body cryotherapy chamber, localized cryotherapy machines, an infra-red sauna, celluma light therapy machines and beds, and Normatec recovery systems, all of which are designed to provide in-person, on-site treatments to customers.

17.     Defendant promised to pay Plaintiff for "direct physical loss of or physical damage to" covered property, and its Policy includes coverages for risks of both "loss of or damage to" covered property.

18.     The Policy expressly defines "Covered Causes of Loss" as meaning "direct physical loss."

19.     On information and belief, Defendant and affiliated entities owned by the same parent company issued materially identical policies to thousands of businesses throughout Washington and in other states.

20.     Plaintiff paid all premiums for the coverage when due.

21.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

22.     COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States, including in the State of Washington.

COMPLAINT—CLASS ACTION - 6

23.     In many infected persons, COVID-19 causes severe illness and requires hospitalization, including intubation. The virus has killed over 500,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive, neurological, and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

24.     The COVID-19 virus is a physical substance that spreads from person to person through respiratory droplets that reach another person and that are produced when an infected person breathes, talks, coughs, or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., weights, exercise equipment, handles, machinery, door knobs, touch screens, computer keyboards, water fountains, and writing or eating utensils) and those objects are then touched by another person who then touches their own mouth, nose, or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

25.     COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on certain surfaces. Persons infected with COVID-19 can be asymptomatic. COVID-19 is spread by breathing, talking, and touching shared or common objects or surfaces. Guidance issued by the United States Centers for Disease Control and Prevention ("CDC") recommends avoiding indoor activities, maintaining social distance of at least six feet between people, and not sharing exercise items such as resistance bands, to slow or stop the spread of COVID-19.[2]

---

[1] *See, e.g.*, *Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Feb. 25, 2021), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.
[2] *Coronavirus (COVID-19): Personal and Social Activities*, CDC (updated Feb. 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

COMPLAINT—CLASS ACTION - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

26.     Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

27.     The first confirmed case of COVID-19 in King County, and indeed nationwide, was noted on January 21, 2020.[3]

28.     Public health data throughout the United States shows the number of COVID-19 tests administered, the rate of positive testing, the numbers of persons diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics, by state, county, and sometimes by city.[4]

29.     As of February 24, 2021, at least 319,498 individuals in the State of Washington have tested positive for COVID-19, 18,155 have been hospitalized, and 4,942 have died due to the COVID-19 virus.[5]

30.     As of February 24, 2021, at least 81,738 individuals in King County have tested positive for COVID-19, 5,117 have been hospitalized, and 1,390 have died due to the COVID-19 virus.[6]

31.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property within that space, unsafe and unusable.

---

[3] Casey McNertney, *Coronavirus in Washington State: A Timeline of the Outbreak Through March 2020*, KIRO 7 News (updated Apr. 3, 2020, 2:03 AM), https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.

[4] *See, e.g.*, *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (updated Feb. 26, 2021, 7:56 AM), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020).

[5] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated 2/25/21, 5:38 PM), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

[6] *Id.*

COMPLAINT—CLASS ACTION - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

32.    The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and/or direct physical loss of property.

33.    The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

34.    The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and/or direct physical loss of property.

35.    The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and/or direct physical loss to the premises and property.

36.    Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

37.    Other premises and businesses in close proximity to Plaintiff were closed and suffered direct physical loss. This occurred at least through governmental orders affecting many such places.

38.    On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the State of Washington as the result of the COVID-19 outbreak.[7]

39.    Thereafter, Governor Inslee issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

---

[7] Proclamation 20-05 of Washington Gov. Jay Inslee (Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20(final).pdf.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

40.      Some local agencies acted even more quickly than the state. On February 27, 2020, the Northshore School District closed Bothell High School to completely disinfect the entire school because of concerns about the safety of school property stemming from COVID-19.[8] On March 2, 2020, Everett Public Schools Superintendent Dr. Ian B. Saltzman made a similar announcement closing schools, highlighting that Everett Schools would clean both schools and school buses.[9]

41.      Issued March 12, 2020, Proclamation 20-08 closed all public and private K-12 schools in King, Pierce, and Snohomish counties.[10] Issued March 13, 2020, Proclamation 20-09 extended the school closure to the entire state.[11]

42.      On March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including King County.[12]

43.      Issued March 16, 2020, Proclamation 20-13 closed all non-essential retail including theaters, gyms, performance venues, dance studios, bowling alleys, fitness centers, barbershops and hair/nail salons, tattoo parlors, and indoor dining at restaurants.[13]

---

[8] *See* Michelle Reid, *Letter to Families: Bothell High School Closure*, Northshore School District (Feb. 26, 2020), https://www.nsd.org/blog/~board/superintendent-blog/post/letter-to-families-bothell-high-school-closure.
[9] *See* Ian B. Saltzman, *Superintendent's Message, March 2, 2020*, Everett Public Schools (Mar. 2, 2020), https://www.everettsd.org/Page/32622.
[10] Proclamation 20-08 of Washington Gov. Jay Inslee (Mar. 12, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-08%20Coronavirus%20%28tmp%29.pdf
[11] Proclamation 20-09 of Washington Gov. Jay Inslee, *Statewide K-12 School Closures* (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-09%20Coronavirus%20Schools%20Amendment%20%28tmp%29.pdf.
[12] Proclamation 20-11 of Washington Gov. Jay Inslee, *Statewide Limits on Gatherings* at p. 2 (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-11%20Coronavirus%20Gatherings%20Amendment%20%28tmp%29.pdf.
[13] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.

COMPLAINT—CLASS ACTION - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

44.     Proclamation 20-13 states that "the COVID-19 disease has and continues to spread quickly across the [S]tate of Washington, beyond the original community outbreaks in King, Pierce, and Snohomish counties."[14]

45.     Proclamation 20-13 prohibits "any number of people from gathering in any public venue in which people congregate for purposes of . . . fitness and other similar activities."[15] The proclamation further prohibits "the operation of public venues in which people congregate for entertainment, social or recreational purposes, including but not limited to . . . gyms, fitness centers . . . and other similar venues, which prohibition shall remain in effect until midnight on March 31, 2020, unless extended beyond that date."[16]

46.     Proclamation 20-13 states that one of the reasons for its restrictions is that "the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property, or the public peace."[17]

47.     On information and belief, Proclamation 20-13 refers to property damage throughout the State of Washington, including in King County where Plaintiff's business is located.

48.     On March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited gatherings of fifty people or more in all

---

[14] *Id.* at p. 1.
[15] *Id.* at p. 2.
[16] *Id.* at p. 3.
[17] *Id.* at p. 1.

COMPLAINT—CLASS ACTION - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Washington counties, including King County, and further prohibited gatherings of fewer people unless organizers of such gatherings complied with social distancing and sanitation guidelines.[18]

49.    Issued March 19, 2020, Proclamation 20-24 placed restrictions on non-urgent medical and dental services, largely shuttering those offices.[19]

50.    On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home – Stay Healthy."[20] The proclamation, which amends Proclamation 20-05, requires that "[a]ll people in Washington State [] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business services."[21] The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."[22]

51.    Proclamation 20-25 continues a State of Emergency, and states that "the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."[23]

52.    On August 3, 2020, Governor Inslee issued additional restrictions regarding the operation of indoor fitness gyms and studios, effective as of August 10, 2020.[24]

---

[18] Proclamation 20-14 of Washington Gov. Jay Inslee, *Reduction of Statewide Limits on Gatherings* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-14%20COVID-19%20-%20Prohibitions%20on%20Gatherings%20%28tmp%29.pdf.

[19] Proclamation 20-24 of Washington Gov. Jay Inslee, *Restrictions on Non Urgent Medical Procedures* (Mar. 19, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-24%20COVID-19%20non-urgent%20medical%20procedures%20%28tmp%29.pdf.

[20] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.

[21] *Id.* at p. 3.

[22] *Id.* at p. 2.

[23] *Id.* at p. 1.

[24] Memorandum of Washington Gov. Jay Inslee, *Indoor Fitness and Training – Proclamation 20-25, et seq.* (Aug. 3, 2020),

COMPLAINT—CLASS ACTION - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

53.     On November 15, 2020, Governor Inslee issued Proclamation 20-25.8, "Stay Safe – Stay Healthy" "Rollback of County-by-County Phased Reopening Responding to a COVID-19 Outbreak Surge," which amended Proclamation 20-05 and 20-25, *et seq*.[25] The proclamation again closed restaurants and bars for indoor dine-in service.[26]

54.     Proclamation 20-25.8 also prohibits indoor operations at a variety of business locations throughout King County and elsewhere in the State of Washington, including but not limited to restaurants and bars, bowling centers, movie theaters, museums, and in-store retail.[27]

55.     Governor Inslee's proclamations and orders related to the COVID-19 pandemic (collectively, "the proclamations and orders") have been extended and modified from time to time.

56.     By order of Governor Inslee, therapeutic health and wellness businesses, including Glacial Cryotherapy, were prohibited from operating their businesses except according to the terms of the proclamations and orders.

57.     Plaintiff has complied with the proclamations and orders which have required it to close, suspend, and/or curtail its business.

58.     Among other things, Plaintiff complied with the proclamations and orders by preventing the public, including its customers and employees, from entering its place of business to participate in therapeutic treatments which were routine and allowed prior to the issuance of the proclamations and orders.

---

https://www.governor.wa.gov/sites/default/files/COVID19Phase2FitnessMemo.pdf?utm_medium=email&utm_source=govdelivery.

[25] Proclamation 20-25.8 of Washington Gov. Jay Inslee, *"Stay Safe – Stay Healthy" Rollback of County-by-County Phased Reopening Responding to a COVID-19 Outbreak Surge* (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-25.8.pdf.

[26] *See id.* at pp. 3-4.

[27] *Id.*

COMPLAINT—CLASS ACTION - 13

59.     In order to comply with the proclamations and orders, Plaintiff was forced to suspend its business and incur extra expense.

60.     Due to Governor Inslee's orders, beginning on or about March 16, 2020, Plaintiff was unable to use its physical business tenancy and other insured property therein for their intended purposes.

61.     Plaintiff invested in its business property, insured the business property, and insured the income derived from its business property, but Plaintiff was deprived of its property's functionality due to the government's response to the COVID-19 pandemic.

62.     Loss caused by Governor Inslee's orders and proclamations and/or related to COVID-19 rendered Plaintiff's property unusable for its intended and insured purpose.

63.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

64.     Plaintiff's property and covered movable business property have sustained direct physical loss and/or damage related to COVID-19, property damage related to COVID-19, and/or the proclamations and orders.

65.     Plaintiff's property will continue to sustain direct physical loss or damage covered by the Policy, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

66.     Plaintiff suffered direct physical loss of use of the covered properties for its intended purposes.

67.     As a result of the above, Plaintiff has experienced and will experience loss covered by Defendant's Policy.

COMPLAINT—CLASS ACTION - 14

68.    Plaintiff's suspension of its business in response to the proclamations and orders caused Plaintiff to suffer a business loss.

69.    Plaintiff complied with all requirements in the Policy.

70.    No COVID-19 virus has been detected on Plaintiff's business premises.

71.    Plaintiff filed a claim with Defendant for its losses covered by the Policy in March 2020.

72.    Defendant assigned a claim number to Plaintiff's claim.

73.    Defendant verbally denied coverage for Plaintiff's claim by telephone conversation with Plaintiff on or about March 27, 2020.

74.    Defendant said it would provide Plaintiff with a written letter confirming its denial of the claim within a week following its verbal denial.

75.    Plaintiff never received from Defendant any written denial of its claim.

76.    Defendant made no meaningful investigation of Plaintiff's claim or its loss.

77.    Upon information and belief, Defendant has denied all claims submitted to it for business income coverage that relate to governmental proclamations or orders and/or COVID-19.

78.    Upon information and belief, Defendant has undertaken no meaningful investigation regarding whether there is any presence of COVID-19 at Plaintiff's insured premises.

79.    Upon information and belief, Defendant has undertaken no meaningful investigation regarding the timing, scope, or impact of governmental proclamations or closure orders that affect its insured's business or business property.

COMPLAINT—CLASS ACTION - 15

80.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding the community spread of COVID-19 in the vicinity of Plaintiff's business.

81.     Upon information and belief, Defendant has denied and will deny coverage to Plaintiff and all other similarly situated policyholders based on Defendant's uniform policy to deny business interruption claims stemming from government closure orders related to COVID-19.

82.     Defendant's across-the-board coverage denials are not consistent with its policy language and with its obligations to investigate losses arising under its policies. Courts have found coverage or reasonable grounds for coverage during the COVID-19 pandemic in one or more ways, including based on (1) the actual or potential presence of virus in the air in the vicinity of the policyholder's business; (2) the necessity of modifying physical behaviors through the use of social distancing, avoiding confined indoor spaces, and/or not congregating in the same physical area as others; (3) governmental orders requiring that physical spaces such as the policyholder's business be shut down or that other property not be used for its insured business purposes; and/or (4) the need to mitigate the threat or actual physical presence of virus on door-handles, tables, silverware, surfaces, equipment, in heating and air conditioning systems and any other places where virus may be found.

## V.     CLASS ACTION ALLEGATIONS

83.     This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

84.     The Classes and Subclasses that Plaintiff seeks to represent are defined as:

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

A.      ***Business Income Breach of Contract Class:*** All persons and entities in the United States issued an Evanston policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Business Income claim has been denied by Evanston.

B.      ***Business Income Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued an Evanston policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income claim has been denied by Evanston.

C.      ***Business Income Declaratory Relief Class:*** All persons and entities in the United States issued an Evanston policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

D.      ***Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued an Evanston policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

E.      ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by

COMPLAINT—CLASS ACTION - 17

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Governor Inslee, other Governors, and/or other civil authorities whose Extra Expense claim has been denied by Defendant.

F.    ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant' policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Defendant.

G.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H.    ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extended Business Income Breach of Contract Class:*** All persons and entities in the United States issued an Evanston policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Evanston.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

J.      ***Extended Business Income Breach of Contract Washington Subclass*:** All persons and entities in the state of Washington issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendant.

K.      ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued an Evanston policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.      ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

M.     ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued an Evanston policy with Civil Authority Coverage who suffered a suspension of their business and/or extra expense at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Evanston.

N.     ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Civil

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

*O.*    ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued an Evanston policy with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

*P.*    ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

85.    Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definitions based on information obtained in discovery.

86.    This action may properly be maintained on behalf of each proposed Class under the criteria of Federal Rule of Civil Procedure 23.

87.    **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that each proposed Class has hundreds of members. The precise number of Class Members can be ascertained through discovery, which will include Defendant's records of policyholders.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

88.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.      Whether the Class and Subclass Members suffered cognizable losses under the Defendant's policies;

B.      Whether Evanston acted in a manner common to the Class and Subclass in denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.      Whether Business Income Coverage in Evanston's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.      Whether Extended Business Income Coverage in Evanston's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.      Whether Extra Expense Coverage in Evanston's policies of insurance applies to efforts to minimize a loss at the covered premises relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.      Whether Civil Authority Coverage in Evanston's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.      Whether Defendant carried out a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

H.      Whether Evanston has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

I.      Whether, because of Defendant's conduct, Plaintiff and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

89.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful policies and practices of Defendant. Plaintiff's claims arise from the same policies, practices, and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

90.     **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

91.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent Class Members to protect their interests.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

92.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed class making injunctive relief and declaratory relief appropriate on a classwide basis.

93.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each Class Member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Declaratory Relief Class, Business Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass)*

94.     Previous paragraphs alleged are incorporated herein.

95.     This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

96.     Plaintiff brings this cause of action on behalf of the Business Income Declaratory Relief Class, Business Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Extended

COMPLAINT—CLASS ACTION - 23

Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

97.    Plaintiff seeks a declaratory judgment declaring that Plaintiff and Class Members' losses and expenses resulting from the interruption of their business are covered by the Policy.

98.    Plaintiff seeks a declaratory judgment declaring that Evanston is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

***(Brought on behalf of the Business Income Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)***

99.    Previous paragraphs alleged are incorporated herein.

100.    Plaintiff brings this cause of action on behalf of the Business Income Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass.

101.    The Policy is a contract under which Plaintiff and the class paid premiums to Evanston in exchange for Evanston's promise to pay Plaintiff and the class for all claims covered by the Policy.

102.    Plaintiff has paid its insurance premiums.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

103.    Plaintiff contacted Defendant in or about March 2020 to ask whether Evanston would provide coverage for its losses.

104.    Defendant denied Plaintiff's claim for coverage.

105.    On information and belief, Evanston has denied, and will continue to deny coverage for other similarly situated policyholders.

106.    Denying coverage for the claim is a breach of the insurance contract.

107.    Plaintiff is harmed by the breach of the insurance contract by Evanston.

### VII.    REQUEST FOR RELIEF

1.    Class action status under Federal Rule of Civil Procedure 23.

2.    A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of the Plaintiff's business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.    A declaratory judgment that the Defendant is responsible for timely and fully paying all such losses.

4.    Damages.

5.    Pre- and post-judgment interest at the highest allowable rate.

6.    Reasonable attorney fees and costs.

7.    Such further and other relief as the Court shall deem appropriate.

### VIII.    JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

DATED this 2nd day of March, 2021.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*

COMPLAINT—CLASS ACTION - 25

By: _s/ Lynn L. Sarko_
By: _s/ Ian S. Birk_
By: _s/ Gretchen Freeman Cappio_
By: _s/ Irene M. Hecht_
By: _s/ Nathan L. Nanfelt_
By: _s/ Gabriel E. Verdugo_
 Amy Williams-Derry, WSBA #28711
 Lynn L. Sarko, WSBA #16569
 Ian S. Birk, WSBA #31431
 Gretchen Freeman Cappio, WSBA #29576
 Irene M. Hecht, WSBA #11063
 Nathan Nanfelt, WSBA #45273
 Gabriel E. Verdugo, WSBA #44154
 1201 Third Avenue, Suite 3200
 Seattle, WA 98101
 Telephone: (206) 623-1900
 Fax: (206) 623-3384
 Email: awilliams-derry@kellerrohrback.com
 Email: lsarko@kellerrohrback.com
 Email: ibirk@kellerrohrback.com
 Email: gcappio@kellerrohrback.com
 Email: ihecht@kellerrohrback.com
 Email: nnanfelt@kellerrohrback.com
 Email: gverdugo@kellerrohrback.com

By: _s/ Alison Chase_
 Alison Chase, _pro hac vice forthcoming_
 801 Garden Street, Suite 301
 Santa Barbara, CA 93101
 Telephone: (805) 456-1496
 Fax: (805) 456-1497
 Email: achase@kellerrohrback.com

**_Attorneys for Plaintiff and the Proposed Classes_**

COMPLAINT—CLASS ACTION - 26